NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL PROMOTIONS AND ADVERTISING, INC., a California corporation; CONTEST PROMOTIONS, LLC, a California limited liability company, | No. 22-56046 |
| | D.C. No. 2:20-cv-09491-JAK-E |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| NATIONAL SURETY CORPORATION, an Illinois corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 14, 2023
Pasadena, California

Before: PARKER,[**] BYBEE, and DESAI, Circuit Judges.

National Promotions and Advertising, Inc. ("NPA") appeals the district

court's dismissal of its complaint for failure to state a claim under Federal Rule of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Civil Procedure 12(b)(6). NPA is a business that posts advertising signs on temporary construction sites on behalf of clients. While insured by National Surety Corporation ("National Surety"), NPA was sued for trespass, conversion, and other torts arising out of its business activities. National Surety declined to defend NPA in the prior lawsuit. NPA sued National Surety, alleging that National Surety breached its duty to defend NPA. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). We affirm.

1. NPA failed to allege facts establishing a covered "occurrence" under NPA's general liability policy and, therefore, failed to state a claim against National Surety for violating a duty to defend. The policy defines "occurrence" as an "accident," which is "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 418 P.3d 400, 403 (Cal. 2018). Here, NPA's contractor intended to enter the site and remove posters, which gave rise to the trespass claim in the underlying lawsuit. NPA argues that the contractor's actions were based on erroneous information but, under California law, NPA's mistaken belief that it had a right or duty to enter the site and remove the posters does not transform the contractor's intentional conduct into an accident. *See Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1089 (Cal. 2009). Even if the causal

chain of events resulting in the property damage began when NPA investigated its right to enter the site, no accident occurred because "the insured intended all of the acts that resulted in the victim's injury[.]" *Merced Mut. Ins. Co. v. Mendez*, 261 Cal. Rptr. 273, 279 (Ct. App. 1989).

2. NPA's complaint alleges that the underlying lawsuit included a potential claim for negligent supervision, which triggered National Surety's duty to defend. For the same reasons that NPA's complaint fails to state a claim for a duty to defend the trespass claim, it fails to allege that the facts giving rise to the potential negligent supervision claim constitute an occurrence. NPA does not allege that its employee's conduct was unexpected or unforeseeable. *See Liberty Surplus*, 418 P.3d at 406 (explaining that a suit involving intentional acts of hiring and supervision can nevertheless constitute an occurrence if the insured's employee acts in an "additional, unexpected, independent, and unforeseen" manner "that produces the damage" (quoting *Merced*, 261 Cal. Rptr. at 279)). Rather, NPA's employee acted at NPA's direction when removing the posters. Because the employee's actions were foreseeable, the complaint does not allege the possibility of coverage.

**AFFIRMED.**

3